KING, HOLMES, PATERNO & BERLINER LLP
HOWARD E. KING, ESQ., STATE BAR NO. 077012
SETH MILLER, ESQ., STATE BAR NO. 175130
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
E-MAIL:   MILLER@KHPBLAW.COM
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiff
JOE SATRIANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV08-07987 DDP VBKx

| | |
|---|---|
| JOE SATRIANI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER MARTIN, an individual; JONATHAN BUCKLAND, an individual; GUY BERRYMAN, an individual; WILLIAM CHAMPION, an individual; and CAPITOL RECORDS, an entity of unknown form,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONSTRUCTIVE TRUST, AND FOR AN ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

For his Complaint, plaintiff Joe Satriani ("Plaintiff") alleges as follows:

1. This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Sections 1331 and 1338. This Court has federal question jurisdiction in this matter in that Plaintiff seeks damages and injunctive relief against the defendants named herein under Sections 501 through 505 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. The Court has pendant jurisdiction over any claims asserted herein which arise under state law, including, without limitation, claims seeking imposition of a constructive trust and performance of an accounting, in that such claims flow from a common nucleus of operative facts.

2132.068/250222.2

2. Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(1)-(3), 1391(c), 1391(d), and 1400(a) in that all defendants reside for venue purposes and are subject to personal jurisdiction in this District, and that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of California. In particular, on information and belief, each of the individual defendants resides in England and is an alien who can be sued in any district, including this District, the corporate defendant, Capitol Records, among other things, has its headquarters and carries out substantial, ongoing business activities in this District, and hence is subject to personal jurisdiction and resides for venue purposes in this District, and a substantial part of the defendants' acts and omissions in exploiting the musical composition at issue that give rise to Plaintiff's claims for copyright infringement occurred in the Central District of California.

3. Plaintiff Joe Satriani is an individual who resides in the County of Los Angeles, California.

4. Defendants Christopher Martin ("Martin"), Jonathan Buckland ("Buckland"), Guy Berryman ("Berryman"), and William Champion ("Champion") (collectively, "Coldplay") are individuals who, on information and belief, reside in England, United Kingdom, and who, from time to time, do business as a musical performing, writing, and recording group under the name Coldplay.

5. On information and belief, defendant Capitol Records ("Capitol") is an entity of unknown form that is either a corporation or a division of a corporation, with its principal place of business in Los Angeles, California.

6. Defendants Martin, Buckland, Berryman, Champion, and Capitol are referred to collectively herein as "Defendants."

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff is one of the premier rock guitarists of the past two decades. Plaintiff has achieved significant success in his musical career, including that he has

released one dozen solo albums since the late 1980s, has toured extensively, and has sold more than ten million albums over that time period.

8. At all material times herein, Plaintiff is and was the owner, publisher, and/or administrator of copyrights in and for certain musical compositions and exploited such copyrights through various licenses for use of the compositions in audio and video recordings and public performances, among other thing, including those broadcast on radio, telecast on television, and captured in recordings sold at retail, worldwide, in the United States, and within the Central District of California.

9. In or about 2004, Plaintiff created, composed, authored, and wrote the original musical composition entitled "If I Could Fly," which consists wholly of original material and was and is copyrightable matter under the laws of the United States. A claim of copyright in the musical composition "If I Could Fly" was registered and recorded with the United States Copyright Office in favor of Plaintiff. The Certificate of Registration for "If I Could Fly" (among other works) is dated and identified as follows: May 5, 2004, No. PA 1-246-904. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "A."

10. In or about 2004, Plaintiff recorded "If I Could Fly" and included it on the album entitled "Is There Love In Space?," distributed by Sony Records, which album was released in April 2004. From and after 2004, the album was widely distributed in the United States and abroad, including in England.

11. From the date of creation through the date of registration, Plaintiff has complied in all respects with the Copyright Act of 1976 and all other laws governing copyright with respect to the above-referenced copyright.

12. Insofar as "If I Could Fly" has been "published" within the ambit of the copyright laws, it has been published by or under license or authority of Plaintiff and has been published in strict conformity with all laws governing copyright.

13. Plaintiff's recording of "If I Could Fly" has been distributed and sold through record stores, internet on-line sites, and other outlets, and has been played

on radio, television, and at live performances, including throughout the United States of America, in the Central District of California, and in England.

14. Coldplay is an immensely successful musical group that has recorded numerous hit songs and has achieved worldwide stardom over the past ten years.

15. Defendant Capitol is a company based in Los Angeles, California, that is in the business of distributing and exploiting musical sound recordings, including sound recordings created by the band, Coldplay, an artist on the Capitol label.

16. On information and belief, in or about late 2006, Coldplay began working on their fourth studio album, "Viva la Vida or Death and All His Friends." The album was released worldwide in June 2008, including in North America on Capitol Records. The album was a smash hit, including that the title song, "Viva la Vida," became a smash hit, topping various airplay and sales charts, and driving sales of millions of albums.

17. On information and belief, Defendants Martin, Buckland, Berryman, and Champion each contributed to the creation of the musical composition, "Viva la Vida." On information and belief, each Defendant was aware of, participated in, and contributed to the exploitation of the musical composition, "Viva la Vida," including the marketing, distribution, and exploitation of "Viva la Vida" in the United States of America, and including in the Central District of California, through sales of CDs, digital downloads, radio and television airplay, and otherwise. On information and belief, Defendants have earned millions of dollars in revenues through their exploitation of "Viva la Vida" and continue to actively exploit the work worldwide through sales of CDs, radio and television airplay, and otherwise.

18. On information and belief, Coldplay copied and incorporated substantial, original portions of Plaintiff's composition, "If I Could Fly," in Defendants' musical composition and sound recording, "Viva la Vida." There is a substantial similarity between the two works due to Defendant's copying.

19. Defendants never sought or obtained Plaintiffs' permission to copy, duplicate, perform, or otherwise use Plaintiffs' musical composition, "If I Could Fly," in Coldplay's composition and sound recording, "Viva la Vida," or at all.

20. Defendants' copying, duplication, use, performance, and exploitation of "If I Could Fly "in the composition and sound recording of "Viva la Vida" constitute infringements of Plaintiff's copyright in the composition "If I Could Fly."

21. Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

22. In engaging in the acts complained of herein, Defendants, among other things, also failed to properly credit Plaintiff as the author, publisher, and/or copyright holder of "Viva la Vida" and falsely implied that legal authorization was obtained from Plaintiff as copyright owner of "If I Could Fly" for the use of his composition in the musical composition and sound recordings of "Viva la Vida."

23. On information and belief, each and all of the Defendants earned and received tens of millions of dollars sand other valuable benefits and consideration from their copying and use of "If I Could Fly" in the musical composition and sound recording of "Viva la Vida" and in any other uses that may have been made thereof or authorized by Defendants.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)
## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

24. Plaintiffs incorporate by reference as if set forth in full herein the allegations of Paragraph 1 through 23 of this Complaint.

25. Plaintiff is, and at all material times hereto has been, the owner of the copyright in the musical composition "If I Could Fly" and is entitled and authorized to protect his composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17

U.S.C. Section 106, among others, to "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

26. On information and belief, since at least June 2008, Defendants infringed, and are continuing to infringe upon Plaintiff's copyright in the composition "If I Could Fly," including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of the musical composition "If I Could Fly" in Coldplay's composition and sound recording of "Viva la Vida" and causing same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in the Central District of California.

27. Plaintiff did not authorize Defendants to copy, reproduce, perform, or use the composition "If I Could Fly" in Coldplay's composition or sound recording, "Viva la Vida," or at all. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the composition "If I Could Fly" in the composition or sound recording, "Viva la Vida," or in any uses thereof that were made or authorized by Defendants, or at all.

28. Defendants' infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

29. As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. Section 501. Plaintiff suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504. In the alternative, Plaintiff is entitled to statutory damages

pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement. '

30. Plaintiff does have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiff's copyright is unique and valuable property which has no readily determinable market value; (ii) the infringement by Defendants constitutes an interference with Plaintiff's goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom, is continuing. Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants threaten to continue to commit these acts. Plaintiff is entitled to injunctive relief under 17 U.S.C. Section 502 enjoining any use or exploitation by Defendants of their infringing composition and all sound recordings of "Viva la Vida," and to an order under 17 U.S.C. Section 503 that any of Defendants' infringing products be impounded and destroyed.

31. Plaintiffs also are entitled to recover their attorneys' fees and costs of suit under 17 U.S.C. Section 505.

## SECOND CLAIM FOR RELIEF
## (CONSTRUCTIVE TRUST)
## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

32. Plaintiff incorporates by reference as if set forth in full herein the allegations of Paragraph 1 through 31 of this Complaint.

33. By virtue of their wrongful conduct, Defendants illegally received money and profits that rightfully belonged to Plaintiff.

34. Defendants are therefore involuntary trustees, holding the gross receipts from their product sales and revenues to the extent attributable to "Viva la Vida" and therefore attributable to the infringement of Plaintiff's copyright therein. Defendants hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank

KING, HOLMES, PATERNO & BERLINER LLP

2132.068/250222.2

7

accounts, real property, and personal property that can be located and traced.

35. Plaintiff is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Plaintiff's copyright in "If I Could Fly."

### THIRD CLAIM FOR RELIEF
### (FOR AN ACCOUNTING)
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

36. Plaintiff incorporates by reference as if set forth in full herein the allegations of Paragraph 1 through 35 of this Complaint.

37. Under 17 U.S.C. Section 504, Plaintiff may recover any and all profits of Defendants that are attributable to their acts of infringement.

38. A balance is due from Defendants, and each of them, to Plaintiff for misappropriation of profits and gross receipts arising from or attributable to Defendants' copying, reproduction, performance, and use of Plaintiff's composition "If I Could Fly" in the composition and sound recording of "Viva la Vida" and consequent violation and infringement of Plaintiff's copyright in "If I Could Fly."

39. The exact amount of money due from Defendants is unknown to Plaintiff and can only be ascertained through an accounting. Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, and each of them, jointly and severally, as follows:

1. That the Court enter judgment against Defendants, and each of them, that Defendants have:

    (a) infringed Plaintiff's rights in the copyright in the composition "If I Could Fly" under 17 U.S.C. Section 501, and that the infringement by Defendants, and each of them, was willful; and,

    (b) otherwise injured the business reputation and business of

Plaintiff through the acts and conduct set forth in this Complaint;

2. For the damages suffered by Plaintiff as a result of the infringement complained of herein, as well as disgorgement of any profits of Defendants attributable to their infringement, including the value of all gains, profits, advantages, benefits, and consideration derived by Defendants from and as a result of their infringement of Plaintiff's copyright in "If I Could Fly," including in connection with the composition and sound recording of "Viva La Vida;"

3. In the alternative, if Plaintiffs so elect, in lieu of recovery of their actual damages and Defendants' profits, for a 17 U.S.C. Section 504(c) award of statutory damages against Defendants, or any of them, for all copyright infringements (willful or otherwise) involved in this action as to each work in question;

4. That Defendants, and each of them, and each of their respective officers, agents, and employees, and all persons acting in concert with them, be enjoined preliminarily, during the pendency of this action, and permanently thereafter, from infringing the copyright in "If I Could Fly" in any manner and from distributing, selling, advertising, broadcasting, publishing or communicating, in the United States or elsewhere, any visual or sound recordings (including those identified in this Complaint), as well as any sheet music, commercials, or other merchandise or materials that contain or refer to all or part of the musical composition "If I Could Fly," including the musical composition and sound recording of "Viva la Vida," absent prior consent and license from Plaintiff;

5. That the Court enters an order pursuant to 15 U.S.C. Sections 503 and 509 mandating the impounding of all infringing copies of "Viva la Vida" and any other materials prepared by Defendants containing any copies of the musical compositions "If I Could Fly" or any portions thereof;

6. That the Court declares, adjudges, and decrees that Defendants, and each of them, have been and are involuntary and constructive trustees, holding the gross receipts from the aforesaid production, broadcast, distribution, sale, or other

exploitation of "Viva la Vida," to the extent attributable to "If I Could Fly" or Defendants' misuse of the protectible interests of Plaintiff in "If I Could Fly," and that Defendants, and each of them, hold all such monies and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff;

7. That Defendants, and each of them, be required to account for and pay over to Plaintiff all gains and profits derived by Defendants, and each of them, from or attributable to production, broadcasting, licensing, distribution, sale, or other exploitation of "If I Could Fly," or any other uses of all or part of "If I Could Fly" made or authorized by Defendants, or any of them, in any format, media, or market, in connection with the composition and all sound recording of "Viva la Vida;"

8. For reasonable attorney fees and costs of suit incurred herein; and

9. For such other and further relief in favor of Plaintiff as the Court deems just and proper.

DATED: December 3, 2008  KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
Attorneys for Plaintiff JOE SATRIANI

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

DATED: December 3, 2008  KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
Attorneys for Plaintiff JOE SATRIANI

EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

PA 1-246-904



EFFECTIVE DATE OF REGISTRATION

MAY 05 2004
Month     Day     Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**
Is There Love In Space? Compilation

**PREVIOUS OR ALTERNATIVE TITLES ▼**
Embodying "Gnaahh," "Up In Flames," "Hands In The Air," "Is There Love In Space?," "If I Could Fly," "The Souls Of Distortion," "Just Look Up," "I Like The Rain," "Searching," and "Bamboo"

**NATURE OF THIS WORK ▼** See instructions

music and arrangement

---

**NAME OF AUTHOR ▼**
Joe Satriani

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of USA
    { Domiciled in _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
music and arrangement

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of _____
    { Domiciled in _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of _____
    { Domiciled in _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

---

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given Year In all cases.
2004

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month April  Day 16  Year 2004
USA                                    Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Joe Satriani d/b/a Strange Beautiful Music
c/o King, Holmes, Paterno & Berliner, LLP, 1900 Ave. of the Stars, 25th Flr
LA, CA 90067

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
MAY 05 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 05 2004
FUNDS RECEIVED

See instructions before completing this space

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions    • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

Ex. "A" – page 11

| | FORM PA |
|---|---|
| EXAMINED BY | |
| CHECKED BY | |
| CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼ If your answer is No, do not check box A, B, or C
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is "Yes," give Previous Registration Number ▼     Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

See instructions before completing this space

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼     Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
King, Holmes, Paterno & Berliner, LLP, 1900 Avenue of the Stars, 25th Flr, LA, CA 90067, Attention: Barbara R. Baylis

Area code and daytime telephone number ( 310 ) 282-8943     Fax number ( 310 ) 282-8903
Email baylis@khpblaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Claimant in Space 4
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date
Barbara R. Baylis                                                     Date May 3, 2004

Handwritten signature (X) ▼
x _Barbara R Baylis_

| Certificate will be mailed in window envelope to this address: | Name ▼ Strange Beautiful Music |
|---|---|
| | Number/Street/Apt ▼ c/o King, Holmes, Paterno, 1900 Ave. of the Stars, 25th Flr, Attn: Barbie Baylis |
| | City/State/ZIP ▼ LA, CA 90067 |

- Complete all necessary spaces
- Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S E
Washington, D C 20559-6000

*17 U.S.C. § 506(e). Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

Rev June 2002—20,000 Web Rev June 2002 ⊕ Printed on recycled paper     U S Government Printing Office 2000-461-113/20,021

Ex. "A" – page 12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV08- 7987 DDP (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE SATRIANI, an individual, <br><br> PLAINTIFF(S) <br> v. <br> CHRISTOPHER MARTIN, an individual; JONATHAN BUCKLAND, an individual; GUY BERRYMAN, an individual; WILLIAM CHAMPION, an individual; and CAPITOL RECORDS, an entity of unknown form, <br> DEFENDANT(S). | CASE NUMBER <br><br> **CV08-07987 DDP VBKx** <br><br> SUMMONS |

TO: DEFENDANT(S): <u>NAMED ABOVE</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Howard E. King</u>, whose address is <u>King, Holmes, Paterno & Berliner, LLP, 1900 Ave of Stars, 25th Floor, Los Angeles, CA 9006</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **DEC - 4 2008**  By: **LA'REE HORN**

Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)  SUMMONS  CCD-1A

**COPY**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOE SATRIANI

**DEFENDANTS**
CHRISTOPHER MARTIN, an individual; JONATHAN BUCKLAND, an individual; GUY BERRYMAN, an individual; WILLIAM CHAMPION, an individual; and CAPITOL RECORDS, an entity of unknown form

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Howard E. King, Esq. - SBN 077012
Seth Miller, Esq. - SBN 175130
KING, HOLMES, PATERNO & BERLINER, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
(310) 282-8989

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☒ **MONEY DEMANDED IN COMPLAINT:** $ subject to proof

**VI. CAUSE OF ACTION**
Copyright Act of 1976, 17 U.S.C. Section 101, et seq. Defendants infringed Plaintiff's copyright through the exploitation of the musical composition and sound records of one song.

**VII. NATURE OF SUIT** (Place an X in one box only.)

☒ 820 Copyrights

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05) — CIVIL COVER SHEET — Page 1 of 2
CCD-JS44

CV08-07987

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Joe Satriani, Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

Capitol Records - Los Angeles County
Christopher Martin, Jonathan Buckland, Guy Berryman, William Champion--Aliens

List the California County, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

All claims - Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date Dec. 2, 2008
Howard E. King

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
*Class Action.* Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
*Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.  Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.