RUSSELL J. FRACKMAN (SBN 49087)
rjf@msk.com
DAVID A. STEINBERG (SBN 130593)
das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants Christopher Martin,
Jonathan Buckland, Guy Berryman, and William
Champion

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE SATRIANI<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER MARTIN, an individual; JONATHAN BUCKLAND, an individual; GUY BERRYMAN, an individual; WILLIAM CHAMPION, an individual; and CAPITOL RECORDS, an entity of unknown form,<br><br>Defendants. | Case No. CV08- 07987 DDP (VBKx)<br><br>Honorable <u>Dean D. Pregerson</u><br><br>Courtroom 3<br><br>**ANSWER OF DEFENDANTS CHRISTOPHER MARTIN, JONATHAN BUCKLAND, GUY BERRYMAN, AND WILLIAM CHAMPION TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Christopher Martin, Jonathan Buckland, Guy Berryman, and William Champion (collectively, "Defendants") by their attorneys, Mitchell Silberberg & Knupp LLP, answer the Complaint of Plaintiff Joe Satriani ("Plaintiff) as follows:

1. Defendants aver that Paragraph 1 of the Complaint sets forth legal conclusions that do not require a response, except Defendants admit that Plaintiff purports to assert a claim arising under the Copyright Act (Title 17, U.S.C. § 101 et seq), and purports to base subject matter jurisdiction in this action on 28 U.S.C. §§ 1331 and 1338. Defendants deny the remaining averments of Paragraph 1 and specifically deny that they are liable to Plaintiff under the Copyright Act or otherwise.

2. Defendants aver that Paragraph 2 of the Complaint sets forth legal conclusions that do not require a response, except that Defendants admit that Plaintiff avers that venue in this Court is proper, and that Defendants reside in England. Defendants specifically deny that any of Defendants' "acts and omissions in exploiting the musical composition at issue that give rise to Plaintiff's claims for copyright infringement occurred in the Central District of California." Defendants lack knowledge and information sufficient to form a belief as to the remaining averments of Paragraph 2, and on that basis deny said averments.

3. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 3, and on that basis deny said averments.

4. Defendants admit the averments of Paragraph 4.

5. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 5, and on that basis deny said averments.

6. Defendants admit that the Complaint refers collectively to Martin, Buckland, Berryman, Champion, and Capitol as "Defendants," but deny that they are agents of one another.

**DEFENDANTS' ANSWER TO FACTS COMMON TO ALL CLAIMS**

7. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 7, and on that basis deny said averments.

8. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 8, and on that basis deny said averments.

9. Defendants admit that Plaintiff has attached to the Complaint what he avers to be a copy of the U.S. Copyright Office Certificate of Registration for the musical composition "If I Could Fly." Defendants aver that such Certificate speaks for itself. Defendants lack knowledge and information sufficient to form a belief as to the remaining averments of Paragraph 9, and on that basis deny said averments.

10. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 10, and on that basis deny said averments.

11. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 11, and on that basis deny said averments.

12. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 12, and on that basis deny said averments.

13. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 13, and on that basis deny said averments.

14. Defendants admit that the averments of Paragraph 14.

15. Defendants admit that Coldplay's sound recordings are distributed and exploited on the Capitol label in North America. Defendants lack knowledge and information sufficient to form a belief as to the remaining averments of Paragraph 15, and on that basis deny said averments.

16. Defendants admit and aver that Coldplay began recording the studio album "Viva la Vida or Death and All His Friends" in November 2006, that the album was released by Capitol Records in North America in June 2008, and that "Viva la Vida" became a "hit." Defendants deny the remaining averments of Paragraph 16.

17. Defendants admit and aver that Martin, Buckland, Berryman and Champion each contributed to the creation and exploitation of the musical composition "Viva la Vida" and that Defendants continue to actively exploit "Viva la Vida." Defendants deny the remaining averments of Paragraph 17.

18. Defendants deny the averments of Paragraph 18.

19. Defendants admit that they never sought or obtained permission to use "If I Could Fly" in "Viva la Vida," and deny any obligation to do so. Defendants

deny that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner. Defendants deny the remaining averments of Paragraph 19.

20. Defendants deny the averments of Paragraph 20 and specifically deny that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

21. Defendants deny the averments of Paragraph 21 and specifically deny that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

22. Defendants deny the averments of Paragraph 22 and specifically deny that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

23. Defendants deny the averments of Paragraph 23 and specifically deny that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

## DEFENDANTS' ANSWER TO FIRST CLAIM FOR RELIEF
### (Copyright Infringement)
### (Plaintiffs against all Defendants)

24. Defendants incorporate by reference their responses to Paragraphs 1 through 23 as though fully stated herein.

25. Defendants lack knowledge and information sufficient to form a belief as to the averments of Paragraph 25, and on that basis deny said averments.

26. Defendants admit that "Viva la Vida" was released as part of an album in 2008. Defendants deny the remaining averments of Paragraph 26, and specifically deny that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

27. Defendants admit that they never sought or obtained permission to use "If I Could Fly" in "Viva la Vida," and deny any obligation to do so. Defendants specifically deny that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner. Defendants deny the remaining averments of Paragraph 27.

28. Defendants deny the averments of Paragraph 28, and specifically deny that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

29. Defendants deny the averments of Paragraph 29, and specifically deny that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

30. Defendants deny the averments of Paragraph 30, and specifically deny that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner, and that Plaintiff is entitled to any injunctive relief.

31. Defendants deny the averments of Paragraph 31.

## DEFENDANTS' ANSWER TO SECOND CLAIM FOR RELIEF

### (Constructive Trust)

### (By Plaintiff against all Defendants)

32. Defendants incorporate by reference their responses to Paragraphs 1 through 31 as though fully stated herein.

33. Defendants deny the averments of Paragraph 33.

34. Defendants deny the averments of Paragraph 34.

35. Defendants deny the averments of Paragraph 35.

## DEFENDANTS' ANSWER TO THIRD CLAIM FOR RELIEF

### (For an accounting)

### (By Plaintiff against all Defendants)

36. Defendants incorporate by reference their responses to Paragraphs 1 through 35 as though fully stated herein.

37. Defendants deny the averments of Paragraph 37.

38. Defendants deny the averments of Paragraph 38.

39. Defendants deny the averments of Paragraph 39.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, Defendants aver as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

40.  The Complaint, and each purported claim therein, fails to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE
### (Independent Creation)

41.  "Viva la Vida" was independently created without reference to "If I Could Fly."

## THIRD AFFIRMATIVE DEFENSE
### (No Originality)

42.  "If I Could Fly" lacks originality and is thus not protectable by copyright.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

43.  To the extent any protectable expression contained in "If I Could Fly" was used in "Viva la Vida," such use is protected, and not actionable, under the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

44.  Plaintiff is estopped by his own conduct from maintaining his claims.

Mitchell Silberberg & Knupp LLP
2171112.3

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

45. Plaintiff has, through his own actions, conduct, and failure to act, waived any right to relief.

## SEVENTH AFFIRMATIVE DEFENSE

(Laches)

46. Plaintiff's claims are barred as a result of their unreasonable delay, to the prejudice of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

47. Plaintiff's claims are barred as a result of Plaintiff's unclean hands

## NINTH AFFIRMATIVE DEFENSE

(De Minimus)

48. To the extent any protectable expression contained in "If I Could Fly" was used in "Viva la Vida," such use is de minimus.

WHEREFORE Defendants pray that Plaintiff take nothing by his Complaint; that Defendants be awarded their attorneys' fees and full costs under Section 505 of the Copyright Act, and for any other relief the Court deems just and proper.

DATED: April 6, 2009

RUSSELL J. FRACKMAN
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: *[signature]*
Russell J. Frackman
David A. Steinberg
Attorneys for Defendants

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues triable to a jury

DATED: April 6, 2009

RUSSELL J. FRACKMAN
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Russell J. Frackman
Russell J. Frackman
David A. Steinberg
Attorneys for Defendants

Mitchell Silberberg & Knupp LLP
2171112.3

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On April 6, 2009, I served a copy of the foregoing document(s) described as **ANSWER OF DEFENDANTS CHRISTOPHER MARTIN, JONATHAN BUCKLAND, GUY BERRYMAN, AND WILLIAM CHAMPION TO COMPLAINT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Howard King, Esq.
King Holmes Paterno & Berliner, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067

*Attorney for Plaintiff*

☒ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☐ **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and deposited the above-described document(s) with ___ in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.

☐ **BY PERSONAL DELIVERY:** I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by ___ of the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at __:__ .m. on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

☐ **BY FAX:** On _____, at _____ am/pm, from facsimile number (310) _____, before placing the above-described document(s) in sealed envelope(s) addressed as set forth above, I sent a copy of the above-described document(s) to each of the individuals set forth above at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and a copy of that report is attached hereto.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 6, 2009, at Los Angeles, California.

_____
Lindsey Lee

Mitchell Silberberg & Knupp LLP
2171112.3