RUSSELL J. FRACKMAN (SBN 49087)
rjf@msk.com
DAVID A. STEINBERG (SBN 130593)
das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant Capitol Records

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE SATRIANI<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER MARTIN, an individual; JONATHAN BUCKLAND, an individual; GUY BERRYMAN, an individual; WILLIAM CHAMPION, an individual; and CAPITOL RECORDS, an entity of unknown form,<br><br>Defendants. | Case No. CV08- 07987 DDP (VBKx)<br><br>Honorable <u>Dean D. Pregerson</u><br><br>Courtroom 3<br><br>**ANSWER OF DEFENDANT CAPITOL RECORDS TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Capitol Records ("Capitol" or "Defendant") by its attorneys, Mitchell Silberberg & Knupp LLP, answers the Complaint of Plaintiff Joe Santriani ("Plaintiff) as follows:

1. Defendant avers that Paragraph 1 of the Complaint sets forth legal conclusions that do not require a response, except Defendant admits that Plaintiff purports to assert a claim arising under the Copyright Act (Title 17, U.S.C. § 101 et seq), and purports to base subject matter jurisdiction in this action on 28 U.S.C. §§ 1331 and 1338. Defendant denies the remaining averments of Paragraph 1 and specifically denies it is liable to Plaintiff under the Copyright Act or otherwise.

2. Defendant avers that Paragraph 2 of the Complaint sets forth legal conclusions that do not require a response, except that Defendant admits that Plaintiff avers that venue in this Court is proper. Defendant further admits and avers that it carries out business in Los Angeles and has its principal place of business in New York. Defendant lacks knowledge and information sufficient to form a belief as to the remaining averments of Paragraph 2, and on that basis denies said averments.

3. Defendant lack knowledge and information sufficient to form a belief as to the averment of Paragraph 3, and on that basis denies said averments.

4. Defendant admits that Christopher Martin, Jonathan Buckland, Guy Berryman, and William Champion perform as the recording group "Coldplay." Defendant lacks knowledge and information sufficient to form a belief as to the remaining averments of Paragraph 4, and on that basis denies said averments.

5. Defendant avers that Capitol Records is a d/b/a of Capitol Records, LLC, with its principal place business in New York. Defendant denies the remaining averments of Paragraph 5.

6. Defendant admits that the Complaint refers collectively to Martin, Buckland, Berryman, Champion, and Capitol as "Defendants," but deny that they are agents of one another.

**DEFENDANT'S ANSWER TO FACTS COMMON TO ALL CLAIMS**

7. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 7, and on that basis denies said averments.

8. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 8, and on that basis denies said averments.

9. Defendant admits that Plaintiff has attached to the Complaint what he avers to be a copy of the U.S. Copyright Office Certificate of Registration for the musical composition "If I Could Fly." Defendant avers that such Certificate speaks for itself. Defendant lacks knowledge and information sufficient to form a belief as to the remaining averments of Paragraph 9, and on that basis denies said averments.

10. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 10, and on that basis denies said averments.

11. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 11, and on that basis denies said averments.

12. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 12, and on that basis denies said averments.

13. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 13, and on that basis denies said averments.

14. Defendant admits the averments of Paragraph 14.

15. Defendant admits and avers that Capitol Records is a d/b/a of Capitol Records, LLC with its principal place of business in New York and that Capitol distributes and exploits sound recordings created by Coldplay. Defendant denies the remaining averments in Paragraph 15.

16. Defendant admits that "Viva la Vida or Death and All His Friends" was released by Capitol Records in North America in June 2008, and that "Viva la Vida" became a "hit." Defendant denies the remaining averments of Paragraph 16.

17. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 17, and on that basis denies said averments.

18. Defendant denies the averments of Paragraph 18.

19. Defendant admits that it never sought or obtained permission to use "If I Could Fly" in "Viva la Vida," and denies any obligation to do so. Defendant denies that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner. Defendant denies the remaining averments of Paragraph 19.

20. Defendant denies the averments of Paragraph 20, and specifically denies that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

21. Defendant denies the averments of Paragraph 21, and specifically denies that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

22. Defendant denies the averments of Paragraph 22 and specifically denies that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

23. Defendant denies the averments of Paragraph 23 and specifically denies that "If I Could Fly" is used in "Viva la Vida" or that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

## DEFENDANT'S ANSWER TO FIRST CLAIM FOR RELIEF
### (Copyright Infringement)
### (Plaintiffs against all Defendants)

24. Defendant incorporates by reference its responses to Paragraphs 1 through 23 as though fully stated herein.

25. Defendant lacks knowledge and information sufficient to form a belief as to the averments of Paragraph 25, and on that basis denies said averments.

26. Defendant admits that "Viva la Vida" was released as part of an album in 2008. Defendant denies the remaining averments of Paragraph 26, and specifically denies that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

27. Defendant admits that it never sought or obtained permission to use "If I Could Fly" in "Viva la Vida," and denies any obligation to do so. Defendant denies that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner. Defendant denies the remaining averments of Paragraph 27.

28. Defendant denies the averments of Paragraph 28, and specifically denies that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

29. Defendant denies the averments of Paragraph 29, and specifically denies that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner.

30. Defendant denies the averments of Paragraph 30, and specifically denies that "Viva la Vida" infringes Plaintiff's claimed copyright in any manner and that Plaintiff is entitled to any injunctive relief.

31. Defendant denies the averments of Paragraph 31.

## DEFENDANT'S ANSWER TO SECOND CLAIM FOR RELIEF
### (Constructive Trust)
### (By Plaintiff against all Defendants)

32. Defendant incorporates by reference its responses to Paragraphs 1 through 31 as though fully stated herein.

33. Defendant denies the averments of Paragraph 33.

34. Defendant denies the averments of Paragraph 34.

35. Defendant denies the averments of Paragraph 35, and specifically denies that Plaintiff is entitled to any constructive trust.

## DEFENDANT'S ANSWER TO THIRD CLAIM FOR RELIEF

**(For an accounting)**

**(By Plaintiff against all Defendants)**

36. Defendant incorporates by reference its responses to Paragraphs 1 through 35 as though fully stated herein.

37. Defendant denies the averments of Paragraph 37.

38. Defendant denies the averments of Paragraph 38.

39. Defendant denies the averments of Paragraph 39.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant avers as follows:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

40. The Complaint, and each purported claim therein, fails to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

(Independent Creation)

41. "Viva la Vida" was independently created without reference to "If I Could Fly."

## THIRD AFFIRMATIVE DEFENSE

(No Originality)

42. "If I Could Fly" lacks originality and is thus not protectable by copyright.

## FOURTH AFFIRMATIVE DEFENSE

(Fair Use)

43. To the extent any protectable expression contained in "If I Could Fly" was used in "Viva la Vida," such use is protected, and not actionable, under the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

44. Plaintiff is estopped by his own conduct from maintaining his claims.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

45. Plaintiff has, through his own actions, conduct, and failure to act, waived any right to relief.

## SEVENTH AFFIRMATIVE DEFENSE

(Laches)

46. Plaintiff's claims are barred as a result of their unreasonable delay, to the prejudice of Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

47. Plaintiff's claims are barred as a result of Plaintiff's unclean hands

### NINTH AFFIRMATIVE DEFENSE
(De Minimus)

48. To the extent any protectable expression contained in "If I Could Fly" was used in "Viva la Vida," such use is de minimus.

WHEREFORE Defendant prays that Plaintiff take nothing by his Complaint; that Defendant be awarded its attorneys' fees and full costs under Section 505 of the Copyright Act, and for any other relief the Court deems just and proper.

DATED: April 6, 2009

RUSSELL J. FRACKMAN
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: *Russell J. Frackman*
Russell J. Frackman
David A. Steinberg
Attorneys for Defendant Capitol Records

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all issues triable to a jury.

DATED: April 6, 2009

RUSSELL J. FRACKMAN
DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: *Russell J. Frackman*
Russell J. Frackman
David A. Steinberg
Attorneys for Defendant Capitol Records

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On April 6, 2009, I served a copy of the foregoing document(s) described as **ANSWER OF DEFENDANT CAPITOL RECORDS TO COMPLAINT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Howard King, Esq.
King Holmes Paterno & Berliner, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067

*Attorney for Plaintiff*

☒ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☐ **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and deposited the above-described document(s) with ___ in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.

☐ **BY PERSONAL DELIVERY:** I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by ___ of the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at __:__ .m. on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

☐ **BY FAX:** On _____, at _____ am/pm, from facsimile number (310) _____, before placing the above-described document(s) in sealed envelope(s) addressed as set forth above, I sent a copy of the above-described document(s) to each of the individuals set forth above at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and a copy of that report is attached hereto.

Mitchell Silberberg & Knupp LLP

2171112.2

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 6, 2009, at Los Angeles, California.

_____
Lindsey Lee