Dockets.Justia.com

1  KING, HOLMES, PATERNO & BERLINER LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 077012
2  SETH MILLER, ESQ., STATE BAR NO. 175130
   1900 AVENUE OF THE STARS, 25TH FLOOR
3  LOS ANGELES, CALIFORNIA 90067-4506
   E-MAIL:    MILLER@KHPBLAW.COM
4  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903

5
   Attorneys for Plaintiff
6  JOE SATRIANI

7  MITCHELL SILBERBERG & KNUPP LLP
   RUSSEL J. FRACKMAN, ESQ., STATE BAR NO. 49087
8  DAVID A. STEINBERG, ESQ., STATE BAR NO. 130593
   11377 WEST OLYMPIC BOULEVARD
9  LOS ANGELES, CALIFORNIA 90064-1683
   E-MAIL:    DAS@MSK.COM
10 TELEPHONE: (310) 312-2000
   FACSIMILE:  (310) 312-3100

11
   Attorneys for Defendants
12 CHRISTOPHER MARTIN, JONATHAN
   BUCKLAND, GUY BERRYMAN,
13 WILLIAM CHAMPION, and CAPITOL
   RECORDS

14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18 JOE SATRIANI, an individual, | CASE NO. CV08-07987 DDP (VBKx) |
| 19          Plaintiff, | Honorable Dean D. Pregerson |
| 20     vs. | Courtroom 3 |
| 21 CHRISTOPHER MARTIN, an individual; JONATHAN BUCKLAND, an individual; GUY BERRYMAN, an individual; WILLIAM CHAMPION, an individual; and CAPITOL RECORDS, an entity of unknown form, | **JOINT REPORT OF FRCP 26(f) CONFERENCE OF COUNSEL AND DISCOVERY PLAN** |
| 24          Defendants. | |

25

26

27

28

2132.068/269763.2

Counsel for plaintiff Joe Satriani ("Plaintiff") and counsel for defendants Christopher Martin, Jonathan Buckland, Guy Berryman, William Champion, and Capitol Records ("Defendants") (collectively, the "Parties") have conducted a meeting on the subjects prescribed by Rule 26(f) of the Federal Rules of Civil Procedure and Central District Local Rule 26-1. The Parties respectfully submit this Joint Report of their meeting and proposed discovery plan.

## I. FED. R. CIV. P. 26(f)(3) DISCOVERY PLAN

### A. Rule 26(f)(3)(A): Initial Disclosures

The Parties agree that no changes should be made to the form or requirement for disclosures under Fed. R. Civ. P. 26(a)(1). Disclosures under Rule 26(a)(1) will be made on or before June 10, 2009.

### B. Rule 26(f)(3)(B): Discovery Subjects, Completion Date, Phases or Limitations

#### a. Subjects for Discovery

Reserving each Party's right to object to any discovery served by the opposing Party, and without waiver of or prejudice to those rights, each Party sets forth below the subjects on which it intends to take discovery.

In general, Plaintiff intends to conduct discovery on the following subjects: (1) the creation of Defendants' composition, "Viva La Vida;" (2) Defendants' access to and copying of Plaintiff's composition, "If I Could Fly;" (3) all revenue generated by Defendants or any third party in connection with their use or exploitation of "Viva La Vida;" (4) all deductible expenses claimed by Defendants in connection with revenues from "Viva La Vida;" and (5) all elements of profits that Defendants claim are attributable to factors other than "If I Could Fly."

In general, Defendants intend to conduct discovery on the following subjects: (1) the creation of Plaintiff's composition "If I Could Fly"; (2) Plaintiff's claim of infringement; (3) Plaintiff's claim of ownership; (4) Plaintiff's claim for damages; and (5) Defendants' affirmative defenses.

### b. Discovery Completion

Plaintiff believes that discovery can be completed by December 1, 2009. Defendants believe that discovery can be completed by February 19, 2010.

### c. Discovery Conducted In Phases or Focused on Particular Issues

Plaintiff does not believe that discovery should be conducted in phases or limited to or focused upon particular issues.

Defendants reserve the right to seek an order that discovery be conducted in phases or limited to or focused upon particular issues, including a request to bifurcate damages discovery from liability discovery.

### C. Rule 26(f)(3)(C): Electronically Stored Information

The Parties do not anticipate any issues about disclosure or discovery of electronically stored information.

### D. Rule 26(f)(3)(D): Privilege Claims and Trial Preparation Materials

The Parties do not anticipate any issues about claims of privilege or protection of trial preparation materials.

### E. Rule 26(f)(3)(E): Changes in Discovery Limitations

The Parties agree that there is no need to change the limitations on discovery imposed under the Federal Rules on the Central District Local Rules.

### F. Rule 26(f)(3)(F): Other Orders under FRCP 16(b)-(c) or 26(c)

Defendants seek a protective order with respect to confidential business, financial, and proprietary information pertaining to sales of Defendants' music. The Parties anticipate that they will be able to stipulate to a proposed protective order for entry by the Court. If not, Defendants will seek an order by noticed motion. No other orders under Rules 16(b)-(c) or Rule 26(c) are anticipated at this time.

/ / /

/ / /

/ / /

/ / /

## II. ADDITIONAL MATTERS UNDER LOCAL RULE 26-1

### A. Complex Case

The Parties do not believe this is a complex case such that all or any part of the procedures of the Manual For Complex Litigation should be utilized.

### B. Motion Schedule

Defendants may file a motion to bifurcate liability and damages at trial. The Parties' propose that the cutoff date for filing dispositive and all other non-trial motions shall be forty-five (45) days before trial.

### C. Settlement

The Parties have scheduled a mediation for July 29, 2009. The Parties agree to use Settlement Procedure No. 3 (non-judicial dispute resolution) under Local Rule 16-15.4.

### D. Trial Estimate:

Plaintiff and Defendants each request a jury trial. The parties estimate that this matter will require 7-10 trial days. Plaintiff requests a trial in February 2010. Defendants request an April 2010 trial date.

### E. Additional Parties

The Parties do not anticipate adding any additional parties.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1      F.    **Expert Witnesses**

2         The Parties propose that initial expert witness disclosures under Federal Rule

3  of Civil Procedure 26(a)(2) be made at least ninety (90) days before trial, and that

4  any rebuttal expert witness disclosures be made at least sixty (60) days before trial.

5

6  DATED: May 27, 2009          KING, HOLMES, PATERNO & BERLINER, LLP

7

8                               By: _____
                                         SETH MILLER
9                               Attorneys for Plaintiff JOE SATRIANI

10 DATED: May 27, 2009          MITCHELL SILBERBERG & KNUPP LLP

11

12                             By: _____
                                         DAVID A. STEINBERG
13                            Attorneys for Defendants CHRISTOPHER
                              MARTIN, JONATHAN BUCKLAND, GUY
14                            BERRYMAN, WILLIAM CHAMPION, and
                              CAPITOL RECORDS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, 25th Floor, Los Angeles, California 90067-4506.

      On May 27, 2009, I served the following document(s) described as **JOINT REPORT OF FRCP 26(F) CONFERENCE OF COUNSEL AND DISCOVERY PLAN** on all interested parties in this action by placing true copies thereof addressed as follows:

## See Attached Service List

☐     BY MAIL, enclosed in sealed envelope(s): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     BY FEDERAL EXPRESS DELIVERY, enclosed in sealed envelope(s): I am "readily familiar" with the firm's practice of collection and processing items for Federal Express delivery. Under that practice it would be deposited at Los Angeles, California, in an envelope or package designated by Federal Express in a facility regularly maintained by Federal Express or delivered to a courier or driver authorized to receive documents on its behalf with delivery fees paid or provided for.

☐     BY PERSONAL SERVICE, enclosed in sealed envelope(s): I delivered such envelope(s) by hand to the office of the addressee(s).

☐     BY FACSIMILE: I caused the foregoing document(s) to be served by facsimile transmission from sending facsimile machine number (310) 282-8903. to each interested party at the facsimile machine telephone number shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☒     BY ELECTRONIC MAIL (.PDF FORMAT): I caused a true copy of the afore-named document[s] to be sent via e-mail (pdf format) to the interested party/ies at the e-mail address/es indicated below.

      Executed on May 27, 2009, at Los Angeles, California.

☐    (State)       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*Joey S. Gossett-Evans*

JOEY S. GOSSETT-EVANS

KING, HOLMES,
PATERNO
& BERLINER LLP

SERVICE LIST

2  Russell J. Frackman, Esq.                    Attorneys for Defendants
   David A. Steinberg, Esq.                     CHRISTOPHER MARTIN, JONATHAN
3  Mitchell, Silberberg & Knupp LLP             BUCKLAND, GUY BERRYMAN,
   11377 West Olympic Boulevard                 WILLIAM CHAMPION, and CAPITOL
4  Los Angeles, California 90064-1683           RECORDS
   Tel:   (310) 312-2000
5  Fax:   (310) 312-3100
   Email: rjf@msk.com
6  Email: das@msk.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO
& BERLINER LLP

2132.068/269763.2